IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:16cv779-MHT (WO) |
| 2R, INC., et al., | ) ) | |
| Defendants. | ) | |

**CORRECTED OPINION AFTER FILING OF AMENDED COMPLAINT**

Plaintiff Wells Fargo Bank, National Association, filed this lawsuit against defendants 2R, Inc., Donald K. Cameron, III, David L. DeWolf, and 3D Automotive Management Corp., bringing several state-law claims arising from 2R's alleged default on a line-of-credit loan and the other defendants' breach of their agreements to guarantee the note. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity). This lawsuit is now before the court on Wells Fargo's motion for default judgment against 2R and 3D (doc. no. 18). For the reasons below, the motion will be granted.

On September 28, 2016, 2R was served the summons and

complaint by certified mail, as evidenced by the return on service filed with the court (doc. no. 5). On October 4, 2016, 3D was served the summons and complaint via certified mail, as evidenced by the return on service filed with the court (doc. no. 6). More than 21 days have passed since 2R and 3D were served with the summons and complaint. Neither 2R nor 3D have responded to the complaint by filing an answer or other responsive pleading within the time specified by Fed. R. Civ. P. 12(a)(1).

Wells Fargo applied for entry of default against both defendants on November 28, 2016, and the clerk of court entered the requested default against each on December 2, 2016. Also, on November 28, 2016, Wells Fargo filed the instant motion for default judgment. In the motion, the bank requests entry of a judgment in the aggregate amount of not less than $ 372,016.13, with additional prejudgment interest from and after September 23, 2016, post-judgment interest, and such other relief as the

court deems appropriate and just. The amount sought includes the principal amount on the defaulted loan, plus accrued interest, late fees, and attorneys' fees.

Attached to the motion for default judgment are Wells Fargo's loan agreement with 2R, its guarantor agreements with 3D and others, its security agreements with 2R and 3D, the UCC-1 Financing Statements that it filed to perfect its security interests in 2R's and 3D's property, and its demand letter to 2R and 3D. Also attached to the motion is the declaration of Matthew Norment, a loan adjuster for Wells Fargo. Norment states: "As of September 7, 2016, the outstanding indebtedness due under the Note and Guaranties is $ 372,016.13. This debt consists, in part, of $ 353,978.66 in outstanding and unpaid principal, $ 17,199.92 in accrued and unpaid interest, and $ 837.55 in late fees." Norment Declaration (doc. no. 18-1) at 6. He further states that, pursuant to the loan documents, 2R and 3D are obligated to pay Wells Fargo all costs it incurs in

enforcing its rights in collecting the outstanding indebtedness under the loan documents, including but not limited to attorneys' fees, costs of collection, and court costs. However, he does not provide a figure for those expenses.

On December 5, 2016, the court ordered that the parties show cause, if any there be, in writing by December 19, 2016, as to why the motion for default judgment should not be granted. Order (doc. no. 22). In a follow-up notice entered on December 7, 2016 (doc. no. 24), the court informed both defendants that, "if they fail to respond to the motion within the time allowed, judgment will be entered against them as requested in the motion." The December 19th deadline has come and gone, but 2R and 3D have yet to show cause why judgment should not be entered against them.

As detailed in the factual background discussed above, both 2R and 3D were served with the summons and complaint; failed to respond to the complaint within the

time allowed; and failed to respond timely to an order of this court to show cause as to why final judgment should not be entered against them.  Accordingly, this court is of the opinion that Wells Fargo's motion for entry of default judgment should be granted and that judgment of default as to the amount requested should be entered against both 2R and 3D.

A judgment will be entered in accordance with this opinion.

DONE, this the 30th day of June, 2017.

                         /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE